UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KESHAWN HOPKINS,

        Plaintiff,

  v.

CDCR, et al.,

        Defendants.

No. 2:12-cv-0896-TLN-EFB P

ORDER[1]

Pursuant to Federal Rules of Civil Procedure 1, 16(b) and 26-36, this action shall proceed as follows:

The parties may conduct discovery pursuant to Federal Rules of Civil Procedure 26 through 37. Defendants may depose any incarcerated or imprisoned witness, including plaintiff, upon giving the notice required by Federal Rule of Civil Procedure Rule 30(b)(1) at least fourteen days before such a deposition.

If the parties have any discovery disputes, they must comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Local Rules 110, 130, 131, 134-135, 142, and 230(l). Unless otherwise ordered, Local Rule 251 shall not apply.

/////

---

[1] This order applies to plaintiff and defendant Nasser only. The record reflects that other named defendant, Abraham, has not yet been served. *See* ECF No. 37.

Filing a discovery motion that does not comply with the rules may result in imposition of sanctions, including but not limited to denial of the motion.

Should this matter proceed to trial, the court will, by subsequent order, require the parties to file pretrial statements. In addition to the matters required to be addressed in the pretrial statement in accordance with Local Rule 281, plaintiff will be required to make a particularized showing in the pretrial statement in order to obtain the attendance of witnesses at trial. Plaintiff is hereby informed that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in the pretrial statement.

At trial, plaintiff must be prepared to introduce evidence to prove each of the alleged facts in support of his claims. Trial evidence generally takes the form of: (a) exhibits; and (b) witness testimony. The following procedures apply for calling witnesses:

   I.  <u>Obtaining Attendance of an Incarcerated Witness Who Intends to Testify Voluntarily</u>

A witness who is willing to testify without the compulsion of a subpoena, but who is imprisoned or incarcerated, cannot appear to testify without a court order directing the custodian to produce him at the time of trial. The court will issue such an order only upon a showing that the witness has agreed to testify voluntarily and has actual knowledge of relevant facts.

Therefore, a party intending to introduce testimony from such a witness must file with his pretrial statement a motion for an order directing the witness's custodian to produce the witness for trial. The motion must:

   1. Identify the witness by name, California Department of Corrections and Rehabilitation number, and address;
   2.  Include affidavits showing that the witness intends to testify voluntarily. This intention can be shown as follows:
       a. The party can swear by affidavit that the witness has communicated to him an intention to testify voluntarily. The affidavit must include a statement of when and where the prospective witness informed the party of this willingness; or

      b. The witness can swear by affidavit that he is willing to testify without the compulsion of subpoena.

   3. Include affidavits showing each witness has actual knowledge of relevant facts. The witness's knowledge can be shown as follows:

      a. The party can swear that he knows the witness saw or heard relevant facts. For example, if something occurred in plaintiff's cell and plaintiff saw that a cell-mate was present and observed the incident, then plaintiff may swear to the cell-mate's ability to testify; or,

      b. The witness can swear to the relevant facts he observed. Any such affidavit must describe the incident, state when it occurred, where it occurred, who was present, and how the witness was in a position to see or to hear what occurred.

## II. <u>Obtaining Attendance of an Incarcerated Witness Who Refuses to Testify Voluntarily</u>

If a party seeks to present testimony of an imprisoned or incarcerated witness who does not intend to testify voluntarily, the party must with his pretrial statement file a motion for an order directing that witness to appear. Such a motion must comply with the requirements explained above but the movant must demonstrate that any such witness does not intend to testify voluntarily.

## III. <u>Obtaining Attendance of an Unincarcerated Witness Who Agrees to Testify Voluntarily</u>

A party need not obtain an order to produce an unincarcerated witness who intends to testify voluntarily. However, the party is responsible for ensuring attendance of such a witness.

## IV. <u>Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

To obtain the presence of a witness who is at liberty and who refuses to testify voluntarily, the party who intends to present that witness's testimony, and who proceeds in forma pauperis,

1  must complete and submit to the United States Marshal a subpoena for service upon the witness.
2  Blank subpoena forms may be obtained from the Clerk of the Court. Along with a completed
3  subpoena, the party must also submit a copy of the court's order granting that party in forma
4  pauperis status. Additionally, the party must tender a money order payable to the witness in the
5  amount of the daily witness fee, $40.00, plus the witness's travel expenses. The party must also
6  notify the court that these materials have been submitted to the United States Marshal not earlier
7  than four weeks and not later than two weeks before trial. A subpoena will not be served by the
8  United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by the
9  materials listed above. No statute authorizes the use of public funds for expenses in civil cases
10 and so even a plaintiff proceeding in forma pauperis must tender any witness fees and travel
11 expenses.
12         Good cause appearing, it is HEREBY ORDERED that:
13         1. The parties may conduct discovery until November 13, 2013. Any motions necessary
14 to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R.
15 Civ. P. 31, 33, 34, or 36 shall be served not later than September 11, 2013.
16         2. If plaintiff seeks leave to amend the complaint, he must file any motion to amend no
17 later than November 13, 2013.[2]
18         3. Dispositive motions shall be filed on or before February 12, 2013. Motions shall be
19 briefed in accordance with paragraph 8 of the order filed August 28, 2012.
20 /////
21 /////
22 /////
23 /////

---

[2] Any motion to amend must be accompanied by a proposed amended complaint that is rewritten or retyped so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

4. The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed. Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

DATED: August 14, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE