UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KESHAWN HOPKINS,<br><br>    Plaintiff,<br><br>  v.<br><br>CDCR, et al.,<br><br>    Defendants. | No. 2:12-cv-896-TLN-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The United States Marshal was unable to effect service of process on defendant Abraham based upon the information provided by plaintiff. ECF No. 37. On September 27, 2013, plaintiff requested assistance from the court in locating Abraham, claiming that defendant Nasser had not responded to plaintiff's interrogatory seeking information regarding where defendant Abraham could be served with process. ECF No. 47. The court construed the request as a motion to compel and ordered defendant Nasser to respond. ECF No. 49. Nasser has responded, stating that he served his response to plaintiff's interrogatory on October 11, 2013. ECF No. 50. Nasser indicated in the October 11 response that he does not know the whereabouts or the full name of defendant Abraham. *Id.* In light of Nasser's response to the interrogatory, plaintiff's motion to compel is now moot.

/////

1

1    However, plaintiff also seeks further judicial intervention in locating defendant Abraham.
2 ECF No. 51.  In light of the plaintiff's in forma pauperis status, that request is granted.  *See Ruiz*
3 *v. California Dept. of Corrections*, 116 F.3d 485 (9th Cir. 1997); *Boudette v. Barnette,* 923 F.2d
4 754, 757 (9th Cir. 1991); *Puett v. Blandford,* 912 F.2d 270, 275 (9th Cir. 1990) ("pro se plaintiff
5 proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons
6 and complaint.").

7    Here, the court directed the U.S. Marshal to complete service of process.  ECF No. 20.
8 The Marshal has been unable to obtain defendant Abraham's waiver of service, or sufficient
9 information to effect personal service.  The Federal Rules of Civil Procedure provide that a
10 person from whom a waiver of service has not been obtained may be served by "following state
11 law for serving a summons . . . in the state where the district court is located . . . ."  Fed. R. Civ. P
12 4(e)(1).  The California Code of Civil Procedure provides that "[a] summons may be served by
13 publication if upon affidavit it appears to the satisfaction of the court in which the action is
14 pending that the party to be served cannot with reasonable diligence be served in another manner
15 . . . and that . . . [a] cause of action exists against the party upon whom service is to be made . . . ."
16 Cal. Civ. Proc. Code § 415.50(a) ("Service by publication").  The court finds that service by
17 publication is appropriate for defendant Abraham.

18    In this case, the court has already found that a cause of action exists against defendant
19 Abraham.  *See* ECF No. 16 at 2 ("the amended complaint states a cognizable Eighth Amendment
20 deliberate indifference claim against defendants Abraham and Naseer for failing to provide
21 adequate medical care to plaintiff following [plaintiff's alleged] August 3, 2009 medication
22 overdose").  In addition, the United States Marshal submitted the process receipt and return for
23 defendant Abraham, certifying that he was unable to locate the defendant.  ECF No. 37.  The
24 sworn process receipt and return indicates that the United States Marshal attempted to serve
25 Abraham at several addresses in addition to the one provided by plaintiff, and even attempted
26 personal service.  *Id.*  The court also notes that defendant Nasser, the only other defendant in this
27 case, has been of no assistance in ascertaining the whereabouts of defendant Abraham.  For
28 /////

these reasons, the court is satisfied that defendant Abraham cannot, with "reasonable diligence," be served by means other than publication.

Therefore, the court orders that the summons be published in *The Sacramento Bee*. As plaintiff proceeds in forma pauperis in this action, the United States Marshal shall arrange the publication of the notice. Publication shall be made as provided by Section 6064 of the California Government Code. Specifically, the notice shall be published once a week for four successive weeks.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to compel (ECF No. 47) is denied as moot.
2. Plaintiff's motion for judicial intervention (ECF No. 51) is granted.
3. The Clerk of the Court shall serve a copy of this order on the United States Marshal, and

   a. Defendant Abraham shall be served by publication. Within 14 days of the date of this order, the United States Marshal shall make arrangements to publish summons for this defendant in *The Sacramento Bee* once a week for four successive weeks. Service will be deemed effected on the 28th day following the first day of publication. Within 21 days of the date of this order, the United States Marshal shall notify the court when the notice will be published.

   b. If defendant Abrahams's address is ascertained before expiration of the time prescribed for publication of the summons, the United State Marshal shall so notify the court, and shall mail to defendant a copy of the summons, the amended complaint, and the order for publication.

DATED: February 10, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3